Paul P. "Skip" Spaulding, III (State Bar No. 83922)
    (spaulding@fbm.com)
Ruth Ann Castro (State Bar No. 209448)
    (rcastro@fbm.com)
Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
Telephone:  (415) 954-4400
Facsimile:  (415) 954-4480

Attorneys for Defendant
VEOLIA WATER NORTH AMERICA
OPERATING SERVICES, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN FRANCISCO BAYKEEPER, a non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF BURLINGAME, a municipal corporation; VEOLIA WATER NORTH AMERICA OPERATING SERVICES, a limited liability corporation,<br><br>Defendants. | Case No. CV-08-895 CW<br><br>**CASE MANAGEMENT STATEMENT**<br><br>Date:      June 17, 2008<br>Time:     2:00 p.m.<br>Location: Oakland Federal Court, Courtroom 2<br>Judge:    Honorable Claudia Wilken |

Defendant Veolia Water North America Operating Services, LLC ("Veolia") submits this Case Management Statement ("Statement") pursuant to the Northern District of California's Standing Order, Civil Local Rule 16-9(a), and Fed. R. Civ. P. 26(f).

As a preliminary matter, Veolia is submitting this Statement unilaterally because it was not until the day before Veolia was served with the Complaint on June 12, 2008,[1] that Veolia first learned of the schedule for the Case Management Conference and the need to immediately file

---

[1] On June 11, 2008, more than 120 days after the Complaint was filed, counsel for Plaintiff requested Veolia's counsel to accept service of the Complaint. Veolia's counsel notified Plaintiff's counsel the next day, on June 12, 2008, that it was authorized to accept service on Veolia's behalf. Veolia received from Plaintiff the Complaint and related court documents today, June 13, 2008, moments before the filing of this Statement.

CASE MANAGEMENT STATEMENT
Case No. CV-08-0895 CW — - 1 -                                              23032\1612058.1

1 this Statement, leaving no time to join the statement filed by the other parties.

2 As indicated in the Joint Case Management Statement prepared by Plaintiff San Francisco
3 Baykeeper ("Plaintiff") and Defendant City of Burlingame (the "City") ("Joint CMC Statement"),
4 and as explained more fully below, due to the ongoing settlement negotiations between Plaintiff
5 and the City, Veolia was not included in the Case Management Conference Statement discussions
6 among the other parties.

7 **1.  JURISDICTION AND SERVICE:**

8 Veolia received two 60-day notices from Baykeeper in October and November 2007, and
9 is named as a defendant in the Complaint. Veolia, however, does not operate the Burlingame
10 Waste Water Treatment Plant for the City and is not named in the National Pollutant Discharge
11 Elimination System (NPDES) Permit No. CA0037788, effective April 1, 2008. Rather, the entity
12 that operates the Burlingame Waste Water Treatment Plant on behalf of the City and is named in
13 the 2008 NPDES permit is Veolia West Operating Services, Inc.

14 On June 11, 2008, counsel for Plaintiff requested Veolia's counsel to accept service of the
15 Complaint, and on June 12, 2008, counsel for Veolia informed Plaintiff's counsel that it was
16 authorized to accept service for Veolia as of that date.

17 In the same June 11 communication, Plaintiff's counsel notified Veolia's counsel that a
18 Case Management Conference was scheduled for June 17, 2008, and that a Rule 26 report had
19 been due the day before (June 10, 2008). Given the short time frame within which to file the
20 Case Management Statement, Plaintiff requested Veolia to allow it and the City to file their Joint
21 CMC Statement without Veolia's input. Veolia did not object, and informed Plaintiff that it
22 would prepare and file its own separate Statement.

23 **2.  FACTS:**

24 The Joint CMC Statement acknowledges that Plaintiff and the City have been engaged in
25 settlement discussions since service of the 60-day notices in the Fall of 2007. Although Veolia
26 has participated in those discussions, its role has been largely peripheral. Veolia anticipates that it
27 will not be a party to the Consent Decree that is being negotiated between Plaintiff and the City.
28 It has been Veolia's understanding that Plaintiff will dismiss with prejudice and/or release the

Veolia entities, if Plaintiff reaches a resolution with the City.  Plaintiff has confirmed this understanding in the Joint CMC Statement.  *See* Joint CMC Stmt, at 9:18-19.

Due to the short notice for filing this Statement, Veolia's inability to participate in the Rule 26 discussions with Plaintiff and the City, and Veolia's peripheral role in the case and in settlement negotiations between Plaintiff and the City, Veolia is unable to fully respond to all requests for information required for a Case Management Statement.  Veolia requests an opportunity to provide a complete Case Management Statement in the event this litigation does not resolve and the Court schedules a further case management conference.

**3.    DISPUTED LEGAL ISSUES:**

Veolia denies that it has violated the effluent discharge limitations or monitoring, reporting and notification requirements of the NPDES Permit; denies that it has discharged sewer system overflows ("SSO") without NPDES permit authorization to waters of the United States in violation of section 301(a) of the Clean Water Act, 33 U.S.C. § 1311(a); denies that unpermitted SSO discharges and NPDES Permit violations are ongoing; and denies that it is discharging, or has discharged, treated and/or partially treated sewage from the Nearshore Outfall directly into the waters of the United States.

**7 & 8.   DISCLOSURES AND DISCOVERY:**

Because Veolia was not served with the Complaint until June 12, 2008, and given that Veolia has not had an opportunity to discuss Rule 26 disclosures with either Plaintiff or the City, it will be impossible for it to make the Rule 26 disclosures on June 17, 2008, as suggested by Plaintiff.  Instead, Veolia requests the Court order Rule 26 disclosures be due at least 60 days from now, on August 26, 2008, to allow for completion of the settlement discussions between Plaintiff and the City, the success of which would avoid the time and expense required for such disclosures.

//

//

//

//

1 | To allow additional time for the potential of early settlement, Veolia also requests that a further case management conference be set for a date convenient for the Court in September 2008, and that all other discovery be stayed until after the further case management conference.

Dated: June 13, 2008

FARELLA BRAUN & MARTEL LLP

By: /s/ Ruth Ann Castro
Ruth Ann Castro

Attorneys for Defendant
VEOLIA WATER NORTH AMERICA
OPERATING SERVICES, LLC

---

CASE MANAGEMENT STATEMENT
Case No. CV-08-0895 CW    - 4 -    23032\1612058.1